IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANS MATHISEN, Derivatively on Behalf of TREVENA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAXINE GOWEN, CARRIE L. BOURDOW, JONATHAN VIOLIN, LEON O. MOULDER, MICHAEL R. DOUGHERTY, BARBARA YANNI, JULIE H. MCHUGH, JAKE R. NUNN, ANNE M. PHILLIPS, ROBERTO CUCA, DAVID SOERGEL, AND ADAM M. KOPPEL, <br><br> Defendants, <br><br> and <br><br> TREVENA, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Civil Action No. 2:18-cv-05482-CMR |

[Caption continued on next page]

| | |
|---|---|
| TROY KROTZ, Derivatively on Behalf of Nominal Defendant TREVENA, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID SOERGEL, LEON O. MOULDER, JR., CARRIE L. BOURDOW, MICHAEL R. DOUGHERTY, ANNE M. PHILLIPS, MAXINE GOWEN, JAKE R. NUNN, JULIE H. MCHUGH, BARBARA YANNI, and ADAM M. KOPPEL,<br><br>      Defendants,<br><br>and<br><br>TREVENA HOLDINGS, INC.,<br><br>      Nominal Defendant | Civil Action No. 2:19-cv-04399-CMR |
| LISA MCKERNAN, Derivatively on Behalf of Trevena, Inc.,<br><br>      Plaintiff,<br><br>  v.<br><br>MAXINE GOWEN, DAVID SOERGEL, CARRIE L. BOURDOW, LEON O. MOULDER, JR., MICHAEL R. DOUGHERTY, JULIE H. MCHUGH, JAKE R. NUNN, ANNE M. PHILLIPS, BARBARA YANNI, ADAM M. KOPPEL,<br><br>      Defendants,<br><br>and<br><br>Trevena, Inc., a Delaware Corporation,<br><br>      Nominal Defendant. | Civil Action No. 2:19-cv-05314-CMR |

[Caption continued on next page]

| | |
|---|---|
| BRAD HINES, derivatively on behalf of TREVENA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MAXINE GOWEN, ROBERTO CUCA, DAVID SOERGEL, CARRIE BOURDOW, MICHAEL R. DOUGHERTY, ADAM M. KOPPEL, JULIE H. MCHUGH, LEON O. MOULDER, JR., JAKE R. NUNN, ANNE M. PHILLIPS, and BARBARA YANNI, <br><br> Defendants, <br><br> and <br><br> TREVENA, INC., <br><br> Nominal Defendant. | Civil Action No. 2:20-cv-04673-CMR |

## PRELIMINARY APPROVAL ORDER

WHEREAS, there are derivative actions pending before this Court captioned *Mathisen v. Gowen, et al.*, No. 2:18-cv-05482-CMR; *Krotz v. Soergel, et al.*, No. 2:19-cv-04399-CMR; *McKernan v. Gowen, et al.*, No. 2:19-cv-05314-CMR; and *Hines v. Gowen, et al.*, No. 2:20-cv-04673-CMR; as well as a related consolidated derivative action pending in the U.S. District Court for the District of Delaware captioned *In re Trevena, Inc. Derivative Litigation*, No. 1:19-cv-00239-MN (comprised of *Wolfrey v. Gowen, et al.*, No. 1:19-cv-00239-MN (D. Del.), and *Matthews, et al. v. Gowen, et al.*, No. 1:19-cv-00363-MN (D. Del.)) (collectively, the "Derivative Actions");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order approving the Settlement of the Derivative Actions, in accordance with a Stipulation and Agreement of Settlement, dated May 21, 2021 (the "Stipulation" or "Settlement"), which, together with the Exhibits annexed thereto, sets forth the terms and

1

conditions for a proposed settlement of the Derivative Actions and for dismissal of the Derivative Actions with prejudice upon the terms and conditions set forth therein;

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A Settlement Hearing shall be held before this Court on  August 2 , 2021, at 2 :00 p.m., at the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to: (1) determine whether the terms and conditions of the proposed Settlement are fair, reasonable, adequate, and in the best interests of Trevena and its stockholders; (2) determine whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Derivative Actions pending in this Court with prejudice and releasing the Released Claims; and (3) hear and determine any objections to the Settlement.

3. The Court approves, as to form and content, the Long-Form Notice attached hereto as Exhibit B-1 and the Summary Notice attached hereto as Exhibit B-2, which summarizes the general terms of the Settlement set forth in this Stipulation, and finds that the distribution of the Notice substantially in the manner and forms set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Current Trevena Stockholders

entitled thereto.  All costs associated with providing the Notice as set forth herein shall be paid as set forth in the Stipulation.

4.  Within ten (10) business days after the entry of this Order, Trevena shall cause: (a) the Long-Form Notice to be filed with the U.S. Securities and Exchange Commission on Form 8-K, which shall include as attachments the Long-Form Notice itself and the Stipulation with its Exhibits and (b) the publication of the Summary Notice in *Investor's Business Daily*.  Within 10 (ten) business days after entry of this Order, Plaintiffs' Counsel will post the Long-Form Notice and the Stipulation with its Exhibits on the websites of Gainey McKenna & Egleston and The Rosen Law Firm, P.A., until such time as the Judgment becomes Final.  Prior to the Settlement Hearing, Defendants' Counsel and Plaintiffs' Counsel publishing notice on their websites shall file with the Court an appropriate affidavit or declaration with respect to the filing and posting of the Notice.

5.  All Current Trevena Stockholders shall be subject to and bound by the provisions of the Stipulation, the releases contained therein, and by all orders, determinations, and judgments, including the Judgment, in the Derivative Actions concerning the Settlement, whether favorable or unfavorable to the Current Trevena Stockholders or Trevena.

6.  Any Current Trevena Stockholder may enter an appearance in the Derivative Actions pending before this Court, at his/her/its own expense, individually or through counsel of his/her/its own choice.  If an appearance is not entered, such stockholder(s) will be represented by Plaintiffs' Counsel.

7.  Any Current Trevena Stockholder may appear and show cause, if he, she, or it has any, as to why the Settlement of the Derivative Actions should or should not be approved as fair, reasonable, and adequate or as to why a judgment should or should not be entered thereon;

provided, however, that no Current Trevena Stockholder or any other Person shall be heard or entitled to contest such matters, unless that Person has filed said objections, papers, and briefs with the Clerk of the United States District Court for the Eastern District of Pennsylvania, at least fourteen (14) calendar days prior to the Settlement Hearing.  Any Current Trevena Stockholder who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be bound by the Judgment to be entered and the releases to be given.

8.	All opening briefs and supporting documents in support of the Settlement and the Fee and Expense Amount shall be filed and served at least twenty-one (21) calendar days prior to the Settlement Hearing.  Any replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing.

9.	Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be offered, attempted to be offered, or may be used in any way as a concession, admission, or evidence of the validity of any Released Claims, any allegation made in the Derivative Actions, or of any fault, wrongdoing, or liability of the Released Persons or Trevena; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Persons in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any

purpose except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current Trevena Stockholders. The Court further reserves the right to enter the Judgment, *inter alia*, dismissing the Derivative Actions with prejudice as provided for by the Stipulation at or after the Settlement Hearing and without further notice.

11. The Court retains jurisdiction over all proceedings arising out of or related to the Stipulation and/or the Settlement.

12. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void shall be vacated, *nunc pro tunc*, and the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

13. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

14. The Court may adjourn the Settlement Hearing without further notice to Current Trevena Stockholders. The Court may decide to conduct the Settlement Hearing telephonically or via videoconference without further notice to Current Trevena Stockholders. Any Current Trevena Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should

consult the Court's calendar or the websites of Gainey McKenna & Egleston or The Rosen Law Firm, P.A., for any change in date, time or format of the Settlement Hearing.

15. Pending final determination as to whether the Settlement as set forth in the Stipulation should be approved, no Current Trevena Stockholder shall commence, prosecute, pursue, or litigate any Released Claim against any Released Persons.

16. All proceedings in the Derivative Actions are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

IT IS SO ORDERED this  27  day of   May   , 2021.

/s/ Cynthia M. Rufe
The Honorable Cynthia M. Rufe
United States District Court Judge